## BEN BERNSON V. THE STATE.

No. 9988.   Delivered March 17, 1926.

Rehearing denied May 11, 1927.

**1.— Sale of Intoxicating Liquor — Continuance — Diligence Insufficient — Properly Refused.**

Where appellant had issued a subpoena for a witness, which was returned endorsed "not found" four days before the case was called for trial, and no further effort was made to secure the attendance of the witness, diligence not being sufficient, the continuance was properly refused. See Hornsby v. State, 91 Tex. Crim. Rep. 174, and cases there cited.

**2.—Same—Argument of Counsel—Not Reversible Error.**

Where appellant complained of the argument of counsel for the state, and the matter as set out in his bill was not of such prejudicial nature as to justify a reversal and the lowest penalty was inflicted, no injury is shown.

ON REHEARING.

**3.—Same—New Trial—Properly Refused.**

Where a continuance is refused on account of lack of diligence for absent witnesses and a new trial is requested by reason of the refusal of the continuance, and the record discloses that the court adjourned about a week after the trial, and no effort was shown to communicate with the absent witness, or his relatives before the adjournment, there was no error in overruling the motion for a new trial. The entire record is examined in order to determine whether, in overruling the application, the discretion of the trial judge has been abused. See Covey v. State, 23 Tex. Crim. App. 388, Vernon's C. C. P. 1916, p. 319, and Derrick v. State, 272 S. W. 459.

Appeal from the District Court of Hall County.   Tried below before the Hon. R. L. Templeton, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Fitzgerald & Grundy* of Memphis, for appellant.

*Sam D. Stinson,* State's Attorney,. and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is the unlawful sale of intoxicating liquor, and the punishment is one year in the penitentiary.

In his application for a continuance the appellant alleges that he was indicted on the 29th day of September and a copy of the indictment served on him on the 30th day of the same month. That on the 2nd day of October thereafter he made application for process for the attendance of the witness Marvin Milner and a subpœna was issued to Hall County for said witness on said date and on the 5th day of October said subpœna was returned into court endorsed "not found." The trial took place on the 9th day of October, A. D. 1925. It may be conceded that the testimony of the absent witness was material to the appellant's defense. We think, however, that appellant is wholly lacking in diligence in the matter. After the subpœna was returned into court on the 5th day of October no further process was asked for and no other effort, so far as this record shows, made to procure the attendance of this witness. Appellant states in his motion for a continuance:

"That this defendant had been informed by the said Milner that his people lived somewhere in Titus County, Texas, and this defendant believes that if this cause were continued he could ascertain from said people or otherwise where the said Marvin Milner now is, whether in Hall County or elsewhere, so that the attendance of the said Marvin Milner as a witness could later be secured on the trial of this cause, that is, at the next term of court."

No reason is assigned as to why the appellant permitted the four days elapsing between the time of the return of the subpœna in the case and the date of the trial to pass without making any effort to ascertain the whereabouts of the absent witness. The record is entirely silent as to any showing that if appellant had used due diligence he would not have found out the whereabouts of the absent witness. In the absence of any effort to make use of the days intervening between the return of the subpœna and the date of the trial or the end of the trial to get the testimony we think that he did not show such diligence as would authorize this court to declare that in overruling the application for a continuance and the motion for a new trial based thereon, the court abused its discretion. On the contrary, we think this case is clearly within the operation of the rule which requires diligence in the issuance of additional process upon learning that

the first issued will not result in securing the attendance. Hornsby v. State, 91 Tex. Crim. Rep. 174, and cases there cited.

By bill of exception No. 2, appellant complains at the argument of the District Attorney. We have carefully considered this bill and believe it was without merit. It was certainly not of such prejudicial nature as to justify a reversal of the case in view of the fact that the appellant was given the lowest penalty under a state of facts that were entirely sufficient to justify the jury in convicting him.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Ward, the purchaser named in the indictment, testified that he purchased from the appellant a bottle of whiskey. Scott, another state witness, testified that he saw the transaction.

Appellant testified in his own behalf that at the time in question, Ward came into his place of business where he was engaged in selling cold drinks and hamburgers and asked him if he knew where some whiskey could be bought. Appellant replied "No," but that he had a little for his own use. According to the appellant, Ward appeared to be intoxicated. He returned in about an hour, and in an impatient tone asked the appellant if he could sell him some whiskey. Receiving a negative reply, Ward, with an oath, said:

"If you can't sell me any whiskey, you have no objection to me leaving a paper sack here."

Appellant consented, and the paper sack was left behind the counter. Later in the day, Ward returned and asked for the paper sack. Appellant picked up the sack and delivered it to Ward. The sack contained a bottle which both Ward and Scott said had whiskey in it.

According to the averments in the motion for a continuance, appellant expected to prove by the absent witness Milner that he saw and heard both transactions as detailed by the appellant and that the appellant's version of the affair was correct. Appellant testified on the trial that he did not know where Milner was;

that his folks lived in Mt. Pleasant, in Titus County.   The court adjourned about a week after the trial, and the record is bare of any indication that an effort was made to communicate with Milner or his relatives during the term.   It is true that where the testimony of an absent witness is probably true and would likely bring a more favorable result, and there is a probability of securing it at a subsequent date, the mere lack of diligence does not always justify an affirmance.   See Jackson v. State, 23 Tex. Crim. App. 183; Vernon's Tex. C. C. P. 1916, p. 307, subd. 2. It is not essential that the affidavit of the absent witness be presented in the motion for new trial.   However, the entire record is examined in order to determine whether, in overruling the application, the discretion vested in the trial judge has been abused.   See Covey v. State, 23 Tex. Crim. App. 388; Vernon's Tex. C. C. P. 1916, p. 319, subd. 6, note 34; Derrick v. State, 272 S. W. 459.

In the present case there is a lack of diligence, and from the record, this court is not warranted in holding that in overruling the motion for new trial error was committed by the trial court.

The motion is overruled.                                *Overruled.*